UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTAS P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5939-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting a medical opinion and his testimony. (Dkt. # 13.) Plaintiff requests remand for an award of benefits. (*Id.* at 18; dkt. # 24.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

//

//

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1978, has a high school education, and has worked as a construction worker. AR at 42. Plaintiff was last gainfully employed in 2018. *Id.* at 66-67.

On February 1, 2021, Plaintiff applied for benefits, alleging disability as of April 20, 2018. AR at 24. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on November 8, 2022, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 24-44, 52-92.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of lumbar spine degenerative disc disease with herniated nucleus pulposus and left shoulder degenerative joint disease. AR at 27. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, occasionally balancing, stooping, kneeling, crouching, and climbing ramps and stairs, never crawling or climbing ladders, ropes, or scaffolds, and occasionally using foot controls and reaching with his left arm. *Id.* at 30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-4. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.  DISCUSSION

Plaintiff contends the ALJ erred by rejecting the medical opinion of Mikhail Makovski, M.D., and Plaintiff's testimony. (Dkt. # 13 at 3-17.) Plaintiff contends the Court should remand for an award of benefits. (*Id.* at 18; dkt. # 24.) The Commissioner concedes the ALJ erred in rejecting Dr. Makovski's opinion, and does not dispute that the ALJ erred in rejecting Plaintiff's

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

testimony. (Dkt. # 23 at 1-3.) The Commissioner contends the appropriate remedy, however, is to remand for further administrative proceedings. (*Id.* at 3-6.)

### A. Legal Standards

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Notably, even when "all conditions of the credit-as-true rule are satisfied, [if] an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled . . . [the Court has] flexibility to remand for further proceedings[.]" *Id.*

### B. Analysis

In April 2021, based on Plaintiff's impairment of "low back pain w[ith] radiculopathy," Dr. Makovski opined Plaintiff would miss five or more days of work per month, could sit for one-third of the workday and stand or walk very little, and could lift five pounds for one-third of the workday, six to 10 pounds little if at all, and never more than that. AR at 536. Dr. Makovski

ORDER - 3

opined Plaintiff would need to lie down five times a day for 30 to 60 minutes. *Id.* at 537. He opined Plaintiff would be off task for 60% of the work day. *Id.*

Here, there is no dispute that the first requirement of the three-step framework has been satisfied. The parties agree that the ALJ erred in finding Dr. Makovski's opinion unpersuasive, and the Commissioner does not dispute that the ALJ erred in finding Plaintiff's testimony inconsistent with the record. Accordingly, the Court addresses the second and third steps of the framework.

The Commissioner argues conflicts in the record preclude awarding benefits based on Dr. Makovski's opinion. The Commissioner notes that, in contrast to Dr. Makovski's opinion, State agency consultants opined Plaintiff could stand, walk, and sit six hours per day, and lift 10 pounds frequently and 20 pounds occasionally. (Dkt. # 23 at 4 (citing AR at 100-03).)

The ALJ rejected the State agency consultants' opinions, however, finding them inconsistent with the evidence. AR at 39. No party challenges that finding. As such, the State agency consultants' opinions do not present a conflict remaining to be resolved.

The Commissioner argues conflicts in the record preclude remand because Dr. Makovski did not note Plaintiff using a cane, while Plaintiff testified he uses a cane. (Dkt. # 23 at 5 (citing AR at 67, 680, 736).) Plaintiff testified he got a cane because nerve damage made his left leg "very weak" and sometimes he trips. AR at 67. The Commissioner does not identify any actual conflict between Plaintiff's testimony and Dr. Makovski's opinion. As the Commissioner indicates, Dr. Makovski's opinion of severe limitations did not rely on Plaintiff's use of a cane.

The Commissioner has identified no other conflict with Dr. Makovski's opinions in the record. Accordingly, the Court concludes the second step of the three-step framework is satisfied. The third step is satisfied because a vocational expert testified that missing more than

ORDER - 4

one work day per month would preclude competitive employment, and Dr. Makovski opined Plaintiff would miss at least five. AR at 90, 536.

Finally, the Court considers whether to exercise its discretion to remand for further proceedings even though all three requirements of the framework have been satisfied. The Court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The Commissioner contends an occupational therapist who examined Plaintiff detected a lack of effort in a March 2019 physical capacity evaluation. (Dkt. # 23 at 6 (citing AR at 622-23).) Specifically, inconsistencies between reported pain increases and "clinical objective findings" indicated "unreliable pain report[s]" when grasping, forward reaching, kneeling, and squat lifting. AR at 626-28. Similarly, a July 2021 examination showed inconsistent results, such as reported pain with formal testing but not with distracted testing, that suggested "guarding and pain behaviors[.]" AR at 555-56. A January 2020 examination reported "inconsistent effort" during hamstring testing. AR at 604.

"Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler*, 775 F.3d at 1105. Here, given the uncertainty in the record created by repeated examinations indicating possibly unreliable pain reporting and functional limitations, the Court concludes that this case does not present the rare circumstances warranting remand for an award of benefits. *See Leon*, 880 F.3d at 1047 ("We have previously awarded benefits without further administrative proceedings only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits.").

ORDER - 5

## IV.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reassess Dr. Makovski's opinion and Plaintiff's testimony, reevaluate the RFC as appropriate, and proceed to step five as necessary.

Dated this 10th day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge